## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| RICHARD A. CAYER et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | )   No. 1:25-cv-00403-LEW |
| | ) |
| TOWN OF MADAWASKA et al., | ) |
| | ) |
| Defendants | ) |

### ORDER ON MOTION TO AMEND

On August 5, 2025, Richard and Ann Cayer filed a complaint against the Town of Madawaska, Jamie Pelletier, Dustin Charrette, Daniel Marquis, Denyse Marquis, and several unknown law enforcement officers.  Complaint (ECF No. 1).[1]  On February 2, 2026, the Cayers filed a First Amended Complaint (FAC) (ECF No. 12).  On April 23, the Cayers moved for leave to file a Second Amended Complaint.  Motion (ECF No. 22).  A few weeks later, the Cayers filed a "Supplemental Factual Amendment to the Second Amended Complaint" seeking to add a limited factual statement concerning the status of state court proceedings.  ECF No. 28.  Defendant Dustin Charette does not object to the motion for leave.  ECF No. 29.  The Marquises oppose the motion for leave, arguing that it should be denied because the Cayers commenced the action in bad faith.  ECF No. 33.  Madawaska and Jamie Pelletier did not respond.

---

[1] The original Complaint also named Todd R. Collins in his official capacity as District Attorney for Aroostook County and Judge Carrie Linthicum in her official capacity as a State of Maine District Court Judge.  Complaint at 1.  The Cayers, however, removed DA Collins and Judge Linthicum from their First Amended Complaint and do not name them in their proposed Second Amended Complaint. FAC (ECF No. 12); Second Amended Complaint (SAC) (ECF No. 22-1).

A party opposing a motion to amend on the grounds of bad faith must provide more than a conclusory allegation. *See Sherrod v. McHugh*, 249 F. Supp. 3d 85, 87 (D.D.C. 2017) ("Preventing a party from amending [the] complaint on the basis of bad faith generally requires an affirmative showing by the nonmoving party."); *Cathedral Art Metal Co. v. Giftco, Inc.*, No. 06-465S, 2010 WL 936219, at *2 (D.R.I. Mar. 12, 2010) ("The . . . [d]efendants have not made a sufficient showing of either undue delay or bad faith which would justify precluding [p]laintiff from amending its [c]omplaint."). Because the Marquises only assert that "Richard A. Cayer and Ann Cayer's complaint is filed in bad faith," they have not established grounds to deny the motion. I therefore apply the standard set by Fed. R. Civ. P. 15.

"A motion to amend . . . will be treated differently depending on its timing and the context in which it is filed." *See Steir v. Girls Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004). In some circumstances, a party may amend its pleading as a matter of course; otherwise, as here, a party may amend its pleading only with the consent of the opposing party or the court's leave. *See* Fed. R. Civ. P. 15(a)(1)-(2). When such leave is sought before the deadline for amendment of pleadings, it should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, courts are not obligated to "mindlessly grant every request for leave to amend" and may deny leave "[w]hen the proffered amendment comes too late, would be an exercise in futility, or otherwise would serve no useful purpose." *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006).

I conclude that under the permissive standard set by Fed. R. Civ. P. 15(a)(2) leave is appropriate and **GRANT** the Motion to File Second Amended Complaint (ECF No. 12) and the Motion for Leave to File a Supplemental Factual Amendment (ECF No. 22).  There has been no scheduling order entered in this case.  Therefore, the motion is well ahead of any deadline to amend the pleadings.  The amended complaint adds no causes of action and seeks only to clarify the factual allegations. *See* Motion at 2.  Accordingly, the Cayers are **ORDERED** to file their Second Amended Complaint by June 12, 2026. The Second Amended Complaint must be filed as an independent document that will serve as the operative pleading going forward.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated: May 29, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge

3